UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    v.                                                  Docket No.: 22CR – 00286 (JMC)

Dennis Gamara

                Defendant.

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, by and through counsel, submits the following sentencing memorandum. Defendant notes that there is no dispute regarding the applicable calculations as represented in the Pre Sentence Report and the Government's Sentencing Memorandum. Similarly, the recitation of facts is accurate, consistent with the plea proffer. The defense appreciates that the prosecution has recommended that a probationary sentence be imposed. The defense joins in the request for a probationary sentence but requests that the Court impose the minimum probationary sentence permitted, one year, rather than the two years requested by the prosecution. Similarly, the defense requests that the Court impose a period of home confinement that is below the 6 months suggested by the guidelines.

### Consideration of 18 U.S.C. § 3553 (a) factors.

The core requirement of 18 U.S.C. §3553(a) is that the court impose **"a sentence sufficient, but not greater than necessary"** to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

- The nature and circumstances of the of the offense and the history and characteristics of the defendant 18 U.S.C. § 3553(a)(1);
- the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);
- the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);
- the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);
- the need for the sentence imposed "to *provide the defendant with needed educational or vocational training*, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3552(a)(2)(D);
- the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);
- the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);
- "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);
- "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

**APPLICATION TO THE INSTANT CASE**

### The Defendant

As the PSR makes clear the defendant has no history of involvement with the criminal justice system.  By all accounts he is an honest citizen with a long history of gainful lawful employment.  Aside from the instant case there is no indication he has been involved in any criminal conduct.  There is no indication he has been involved in substance abuse.

In addition to his employment defendant is a dedicated family man.  He has provided a stable home for his wife and son throughout his marriage which occurred in 1998. He provides additional support for his mother and extended family.  As noted, his wife is currently severely disabled due to complications developed after COVID infection. She has problems with oxygen intake requiring use of a CPAP machine and assistance with daily living activities.  Defendant is her caretaker within and outside of the house.

### The Underlying Offense

Defendant is mortified by his involvement in the underlying theft. He never planned nor anticipated he would ever commit a criminal offense.  When contacted by law enforcement he reluctantly admitted his involvement, confessing that he had in fact misappropriated the items.  As noted by the PSR and investigating officers, the defendant was going through financial difficulties at the time and succumbed to the temptation to get money.  As with many mistakes, once the defendant wrongfully took one of the devices without consequence, it became easier to take a second and continue to do so.

Defendant admits that taking the property that did not belong to him was illegal and wrong.  In order to understand how a normally law abiding person could commit this series of wrongdoings it is helpful to view his actions in context.   Defendant has been involved in IT consulting for many years. He has worked as a contract consultant for several different Government entities.   Apparently. the laptops defendant stole were ones that had already been used and were "turned in" after being used. They were among many others that were being stored[1].  Defendant's understanding was that the machines he took were being stored in anticipation of their being ultimately discarded because they were used.

Defendant candidly admits that he took the machines unlawfully and resold them, and that his conduct was criminal. Similarly, the machines had not been discarded so his misappropriation of them was illegal.  However, in view of his belief that the machines were about to be discarded anyway, the harm his taking them caused was relatively less severe.   It seems defendant rationalized his actions by his belief that ultimately the machines were going to be discarded anyway, therefore his "misappropriation" caused no harm to the employer. In retrospect he recognizes that this was a mistake.

## Conclusion

For the foregoing reasons as well as any others that may arise at a sentencing hearing in this case, the defendant respectfully requests the Court impose a sentence of one year probation and the shortest period of home detention the Court believes is

---

[1] One of the agents who interviewed defendant believed the machine was a new one still in the manufacturer's box.

warranted, assuming the Court believes Home Detention in lieu of incarceration is required[2]. The defendant suggests that the requested sentence would be "sufficient but not greater than necessary" to achieve the objectives inherent in sentencing.

                                                Respectfully submitted,

_____s_____
Jonathan Zucker
Bar # 384629
37 Florida Av. NE
Suite 200
Washington, D.C.  20003
(202) 624-0784
Counsel for Defendant

## CERTIFICATE OF SERVICE

    I certify that on December 21, 2022,  I caused a copy of the foregoing Motion  to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSAs.

                               \_\_\_/s/_____
                               Jonathan Zucker

---

Defendant advises that the agent was simply mistaken, it was a used device.

[2] Assuming the Court imposes a period of Home Confinement, defendant notes that he reports to work at 7:30 am so normally leaves the house at 6:00 am. He  usually finishes  work at 4:30 pm but sometimes stays later.  The defense requests that the Court impose a curfew permitting defendant to leave the home at 6:00 am and return by 10:00 pm so he has time to run errands, attend social events, etc.. Based on his past, defendant's release into the community presents little risk of his involvement in criminal activity.